IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMOS TATE,<br>      Plaintiff<br><br>vs.<br><br>OWNER PLYMOUTH TAVERN, et al.,<br>      Defendants. | C.A. No. 11-320 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that the *pro* se motion to strike complaint filed by Defendant "Owner Plymouth Tavern" be granted. It is recommended further that Plaintiff's claims against Defendants Bartender and Insurance Company be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(e), and that this case be dismissed.

**II.   REPORT**

    **A.   Relevant Procedural and Factual History**

Plaintiff Amos Tate, now or formerly incarcerated at the Erie County Prison in Erie, Pennsylvania, brings this *pro se* action against the following Defendants: "Owner Plymouth Tavern," "Bartender," and "Insurance Company." Plaintiff alleges that on December 15, 2011, he was a patron at the Plymouth Tavern, a bar located at 1109 State Street in Erie, Pennsylvania, when a group of white supremacists entered the bar shouting racial epithets at him and then "insidiously started mayheming assaulting [him] viciously… stating 'hang him on the cross.'" (ECF No. 8, Complaint, at Section IV.C). Plaintiff alleges further that the other patrons at the bar started "shouting Last Reich German Neo-Nazi, German Neo-Nazi repeatedly." (Id.). As a result, Plaintiff claims that Defendants violated the "White Hate Crimes Act Law" and his Eighth Amendment right to be free from cruel and unusual punishment. (Id. at Section III).

As relief, Plaintiff requests monetary damages. In addition, Plaintiff filed a motion to proceed *in forma pauperis* [ECF No. 1], which has been granted by this Court.

In response to the complaint, Michael Haggerty ("Haggerty"), the President of Plymouth Tavern, Inc., t/d/b/a The Plymouth Tavern, filed a *pro se* motion to strike complaint [ECF No. 8] arguing, *inter alia*, that Plaintiff does not have a jurisdictional basis for maintaining his claims in this Court. The Court has construed this motion as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff has failed to file a timely response to this motion. In addition, this Court has received a letter from the United States Marshal Service stating that Plaintiff has failed to provide proper service instructions that would allow process to be served on Defendants "Bartender" and "Insurance Company." [ECF No. 13]. As a result, these Defendants remain unserved. This matter is now ripe for disposition.

### B. Standards of Review
#### 1. Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1)

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction which attacks the complaint as deficient on its face, the Court must take all allegations in the complaint as true. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891(3d Cir. 1977). However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891. See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3rd Cir. 2000); Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

In Mortensen, the Third Circuit delineated the standard of review to be used in a 12(b)(1) motion, as opposed to a motion under 12(b)(6), stating:

> The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone necessitates a ruling on the merits of the claim, the others deal with procedural defects. Because 12(b)(6) results in a determination on the merits at an early stage of plaintiff's case, the plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn. . . .
>
> The procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different. At the outset we must emphasize a crucial distinction, often overlooked, between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings. The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56 . Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction its very power to hear the case there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

549 F.2d 884, 891. Accordingly, no presumptive truthfulness attaches to Plaintiff's allegations regarding subject matter jurisdiction.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d

360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion
#### 1. Subject Matter Jurisdiction

Defendant Owner Plymouth Tavern, through Haggerty, has moved to dismiss Plaintiff's complaint because "the Plaintiff fails to allege a jurisdictional basis for maintaining the instant action," and "the allegations of violations of the 'white hate crimes act law' and/or the '8th Amendment crule (sic) unusual punishment" cannot serve as the basis for this civil action.'" (ECF No. 8, motion to strike complaint, at ¶ 9). The Court agrees.

Although not stated in the complaint, it is presumed that Plaintiff is attempting to bring this action pursuant to 42 U.S.C. § 1983, as no diversity of citizenship or federal question has otherwise been asserted. In order to prevail on a Section 1983 claim, Plaintiff must establish that Defendants acted under color of state law. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149 (1978). If a defendant did not act under color of state law, then there is no basis for jurisdiction under Section 1983. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). Plaintiff has not alleged, nor can he allege, that Defendant Owner Plymouth Tavern was a state actor or that its conduct was "fairly attributable to the state." See Lugar v. Edmundson Oil Co., 457 U.S. 922, 937 (1982). Thus, the Court has no basis to exercise jurisdiction over Plaintiff's claims against Defendant Owner Plymouth Tavern, and such claims should be dismissed.

## 2. Dismissal under the PLRA

Plaintiff was a prisoner at the Erie County Prison when he filed this lawsuit. The Prison Litigation Reform Act (hereinafter, "PLRA"), Pub.L.No. 104-134, was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an action to proceed without payment of costs. Section 1915(e), as amended, states in relevant part: "[t]he court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted...." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a viable claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).

This Court has discretion to dismiss frivolous or malicious in forma pauperis complaints under 28 U.S.C. § 1915(e). Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). The U.S. Supreme Court has instructed that section 1915(e) provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). In fact, the statute not only empowers the Court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

Here, it has already been determined that the Court has no basis to exercise jurisdiction over Plaintiff's claims against Defendant Owner Plymouth Tavern because said Defendant is not a state actor. Similarly, Plaintiff has not alleged any facts to show that either Defendant Bartender or Defendant Insurance Company acted under color of state law or violated his rights in any way. Thus, Plaintiff's claims against Defendants Bartender and Insurance Company should be dismissed as frivolous.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the *pro* se motion to strike complaint filed by Defendant "Owner Plymouth Tavern" be granted. It is recommended further that Plaintiff's claims against Defendants Bartender and Insurance Company be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(e), and that this case be dismissed.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

                                  /s/ Susan Paradise Baxter
                                  SUSAN PARADISE BAXTER
                                  United States Magistrate Judge

Dated: July 20, 2012

cc:    The Honorable Sean J. McLaughlin
       United States District Judge